DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Wood County Court of Common Pleas wherein appellant, Curtis Clinton, was convicted of involuntary manslaughter and two counts of assault on a peace officer. He was sentenced to ten years in prison for the voluntary manslaughter and one and one half years for each of the assault charges. All sentences were ordered served consecutively. Appellant asserts the following assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT-APPELLANT TO MAXIMUM TERMS FOR VIOLATION OF O.R.C. § 2929.14(C) FOR IMPOSITION OF SUCH MAXIMUM SENTENCES.
 "II. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVESENTENCES, SAID TERMS BEING DISPROPORTIONATE TO THE SERIOUSNESS OF HIS CONDUCT AND TO THE DANGER APPELLANT POSES TO THE PUBLIC, THEREBY DENYINGDEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS."
Appellant asserts in his first assignment of error that the trial court should not have imposed maximum, consecutive sentences for the assault charges because appellant's offenses were not the worst forms of the offenses of assault on a peace officer. The provisions of R.C. 2929.14(C) direct when a maximum prison term may be imposed:
 "* * * The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
R.C. 2929.19(B)(2)(d) and (e) require the trial court to give its reasons for imposing a maximum prison term for a sentence for one offense or for two or more offenses arising out of a single incident. Thus, the trial court must determine that the offender fits into one of the categories listed in R.C. 2929.14(C) and make the necessary "finding that gives its reasons" for imposing the maximum sentence or sentences. State v. Edmonson (1999), 86 Ohio St.3d 324,329, 715 N.E.2d 131.
The record in this case shows that while appellant was incarcerated in the Wood County Jail awaiting trial for the charge of murder, he was placed on a suicide watch. As a precaution, he was instructed to put on paper underwear. Appellant refused. The guards were then forced to remove appellant's clothing against his will. Appellant stated "[Y]ou got to do what you got to do and I have to do what I have to do." A struggle ensued. In the process, appellant bit one officer causing him to bleed. Other officers sustained cuts and bruises as a result of appellant's resistance. Appellant's counsel noted that none of the injuries were serious enough to prevent any of the officers from completing their shifts.
Appellant contends that this evidence does not support the court's finding that appellant committed the worse form of the offense of assault. Appellant particularly takes issue with the fact that the second charge of assault on a peace officer is based on scrapes and bruises an officer received while struggling with appellant. The officer is named in the indictment but was not specifically discussed at appellant's sentencing. Thus, appellant contends, there were little if any facts to support the court's finding on at least one of the assault charges.
The court stated that its reasons for finding that appellant twice committed the worse form of the offense of assault was because appellant was incarcerated at the time and because he assaulted peace officers. Instead of focusing on the severity of the injuries appellant inflicted, the court focused on the circumstances of appellant's offense. The court's concern for jailhouse security and order is a valid one. Accordingly, having found that the trial court complied with R.C.2929.19(B)(2)(d) by finding that appellant twice committed the worst form of assault and stating its reason for that finding, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends the court abused its discretion in sentencing appellant to three consecutive sentences. Specifically, appellant contends the court erred in ordering his sentences for assault to be served consecutive to his sentence for involuntary manslaughter.
R.C. 2929.14(E)(4) states:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Appellant was sentenced to ten years in prison for the involuntary manslaughter of Misty Keckler who died from strangulation. Her body was found in a bathtub. Both her feet and hands were tied behind her back. The court, in sentencing appellant, stated as follows:
 "The court needs to make the following findings: That this [involuntary manslaughter] was a worse form of the offense. That the offender committed a worse form of the offense, which I do, considering the facts outlined by the Prosecutor; particularly, again, the binding of the victim and the manner in which she was found.
After making the requisite findings regarding appellant's two assault sentences, the court continued:
 "* * * the court goes on to find that the offender poses the greatest likelihood of committing future crimes in view of this defendant's past court record and convictions. Considering all of those, the court will make those terms consecutive, 10 years and then 18 months on each of the other two counts for a total of 13 years."
Appellant's past record included convictions for aggravated menacing, carrying a concealed weapon, domestic violence, corruption of a minor and numerous traffic offenses.
Based on the foregoing, we find that the trial court complied with R.C. 2929.14(E)(4) in sentencing appellant. Finding no abuse of discretion, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
Peter M. Handwork, J., James R. Sherck, J., Judges concur.
 ________________________ Melvin L. Resnick, J.